# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley Szymanski,              :
            Petitioner   :
                            :
           v.          :  No. 494 C.D. 2016
                            :  Submitted: September 30, 2016
Workers' Compensation Appeal  :
Board (City of Philadelphia),     :
              Respondent :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE JOSEPH M. COSGROVE, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**      **FILED: February 14, 2017**

Stanley Szymanski (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision and order of a Workers' Compensation Judge (WCJ), denying a claim petition filed by Claimant seeking benefits for his prostate cancer under Section 108(r) of the Workers' Compensation Act (Act).[1] The Board found Claimant was not entitled to

---

[1] Act of June 2, 1915, P.L. 736, 77 P.S. § 27.1(r), added by Section 1 of the Act of October 17, 1972, P.L. 930, as amended. Subsection (r) was added by Section 1 of the Act of July 7, 2011, P.L. 251.

the statutory presumption found in Sections 301(e) and (f) of the Act[2] that his cancer was caused by exposure to a carcinogen recognized as a Group 1 carcinogen by the International Agency for Research on Cancer (IARC) because he filed his claim more than 300 weeks after the date of his last exposure. On appeal, Claimant argues the Board wrongly interpreted Sections 301(c)(2)[3] and 301(f) of the Act, denying him the benefit of the presumption. He further argues the time limitations set forth in Sections 301(c)(2) and 301(f) are subject to the discovery rule. For the reasons set forth herein, we affirm.

Claimant joined the City of Philadelphia's (Employer) Fire Department in January 1969. (Board Op. at 2.) When hired, as well as throughout his career, Claimant was given physical examinations and was not treating for any form of cancer. (Id.) He originally worked at Engine 2 for nine years before transferring to Engine 58, where he worked as a ladder and engine firefighter until he retired in December 2004. (Id.) The last fire Claimant fought would have been in the summer of 2004. (Id. at 3.) In March 2010, Claimant was diagnosed with prostate cancer. (Id.) It was not until April 2012 when his attorney sent him a report from Dr. Barry Singer that he connected his cancer diagnosis to his prior work as a firefighter. (Id. at 3-4.) He filed his Claim Petition shortly thereafter on April 26, 2012. (Id. at 1.)

Following multiple hearings at which time the parties presented various testimony and exhibits, the WCJ issued a decision on May 13, 2014, denying the claim petition. In particular, the WCJ found Claimant did not carry his burden of

---

[2] 77 P.S. §§ 413, 414. Section 301(e) was added by Section 3 of the Act of October 17, 1972, P.L. 930. Section 301(f) of the Act was added by Section 2 of the Act of July 7, 2011, P.L. 251

[3] 77 P.S. § 411(2).

2

establishing his prostate cancer was caused by exposure to Group 1 carcinogens. (WCJ Decision, Findings of Fact (FOF) ¶ 21.) This finding was based largely on the WCJ crediting Employer's expert testimony over that of Claimant's experts. (Id. ¶ 20.) The WCJ further found that Employer rebutted any presumption with substantial competent evidence. (Id. ¶ 21.)

Claimant filed a timely appeal to the Board, which affirmed in an Opinion dated March 8, 2016. The Board noted that it was not entirely clear whether the WCJ applied the statutory presumption, but it appeared as though the WCJ did not do so based upon her findings that Claimant failed to carry his burden to establish causation. (Board Op. at 15.) However, the Board found the failure to apply the presumption was not reversible error. (Id.) Although the Claimant testified he last fought a fire in the summer of 2004, the Board gave Claimant the benefit of the doubt and assumed his last exposure to the carcinogens was on December 31, 2004, the last day of the month he retired. (Id. at 15-16.) Even with this benefit, the claim petition filed on April 26, 2012 was more than 381 weeks after the date of last exposure. (Id. at 16.) Thus, the Board reasoned he was not entitled to the benefit of the presumption. (Id.) Therefore, Claimant bore the burden of establishing all of the elements of his claim, including causation, which he failed to do given the WCJ's rejection, as factfinder, of Claimant's expert medical testimony. (Id. at 16-17.)

In this appeal, Claimant raises two issues: (1) whether the Board committed an error of law by misinterpreting Section 301(f) of the Act to require Claimant to file a claim petition within 300/600 weeks to claim benefits for cancer pursuant to Section 108(r); and (2) assuming Section 301(f) does create a filing deadline, whether the discovery rule applies to extend that time period. Consistent with our

3

precedent, we find Section 301(f) does impose a time limit to file a claim petition and that the statute of repose is not subject to the discovery rule. As a result, Claimant was not entitled to the causation presumption because his claim petition was outside the 300-week period.

Act 46 of 2011[4] amended the Act to include Sections 108(r) and 301(f). Section 108(r) amended the definition of "occupational disease" to specifically include "[c]ancer suffered by a firefighter which is caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen by the International Agency for Research on Cancer." 77 P.S. § 27.1(r). Section 301(f) provides that a firefighter is entitled to benefits under Section 108(r), provided he can show: (1) employment for four or more years in continuous firefighting duties; (2) direct exposure to an IARC Group 1 carcinogen; and (3) that he passed a physical examination prior to engaging in firefighting duties that did not reveal any evidence of cancer. 77 P.S. § 414. Section 301(f) further provides:

> Notwithstanding the limitation under subsection (c)(2) with respect to disability or death resulting from an occupational disease having to occur within three hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease, claims filed pursuant to cancer suffered by the firefighter under section 108(r) may be made within six hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease. The presumption provided for under this subsection shall only apply to claims made within the first three hundred weeks.

Id.

---

[4] Act of July 7, 2011, P.L. 251.

Section 301(c)(2), which is referenced in the above excerpt, provides, in pertinent part:

> That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease ….

77 P.S. § 411(2). The Pennsylvania Supreme Court in City of McKeesport v. Workers' Compensation Appeal Board (Miletti), found that Section 301(c)(2) merely requires the disability to "occur" or manifest within 300 weeks of last exposure. City of McKeesport, 746 A.2d 87, 89 (Pa. 2000). It does not require the claim petition to also be filed within 300 weeks. Id. at 90-91.

Claimant argues the addition of Section 301(f) expands the manifestation period found in Section 301(c)(2) from 300 weeks to 600 weeks for claims brought pursuant to Section 108(r) and does not require the claim petition to actually be filed within 300 weeks to be entitled to the causation presumption, as the Board found. Claimant argues he is entitled to the presumption because the disease manifested within the 300 weeks common to all occupational diseases and the claim petition was filed within 21 days of Claimant learning his disease was work-related. To hold otherwise, Claimant argues, treats firefighters differently than all other occupational disease claimants.

As a preliminary matter, we are cognizant that there are similarities in the language of Section 301(c)(2) and Section 301(f). For instance, both provisions include language that the relevant time period begins to run "after the last date of employment in an occupation or industry to which he was exposed to hazards of

5

such disease." 77 P.S. §§ 411(2), 414. However, the inclusion of the same phrase alone does not necessitate a finding that the two sections should be similarly construed as to do so would ignore differences in the sections' plain language. In Fargo v. Workers' Compensation Appeal Board (City of Philadelphia), we discussed those differences. Fargo, 148 A.3d 514, 519-20 (Pa. Cmwlth. 2016). Whereas Section 301(c)(2) simply requires the disability to "occur[]" or manifest, the plain language of Section 301(f) requires the claim be "made," that is filed.[5] See id. (comparing Section 301(c)(2)'s use of the term "occurring" with Section 301(f)'s use of the term "claims . . . made.").

In Fargo, we rejected a similar attempt to construe Section 301(f) as an extension of the manifestation period found in Section 301(c)(2) and instead found the two sections contain two distinct limitation periods. Id. at 520. "[T]he key difference between these two provisions is not the date upon which the limitations periods start but rather what must take place before the periods end. . . ." Id. In Fargo, we held, *inter alia*, that in addition to having to satisfy the 300-week manifestation period set forth in Section 301(c)(2), a claimant must also satisfy the distinct "two-tiered limitations period" found Section 301(f). Id. Under Section 301(f), a claimant must file the claim within 300 weeks of last exposure to the Group 1 carcinogen. Id. We stated:

> if the claimant fails to do so, he is not foreclosed from bringing a claim by Section 301(f), but he loses the statutory presumption of Sections 301(e) and 301(f). However, if the claimant does not file the

---

[5] Claimant argues the Board misconstrued the phrase "claims filed pursuant to cancer suffered by the firefighter under section 108(r)" in Section 301(f) and placed undue emphasis on the word "filed." We agree that the phrase merely describes the occupational disease at issue – cancer caused by Group 1 carcinogens. However, Claimant ignores the plain language of the Act, which requires such claims to be "made," *i.e.* filed.

claim until more than 600 weeks after the date of last workplace exposure, the claimant is foreclosed from bringing that claim in its entirety.

Id. The decision in Fargo is consistent with our decisions in Hutz v. Workers' Compensation Appeal Board (City of Philadelphia), 147 A.3d 35 (Pa. Cmwlth. 2016), and Demchenko v. Workers' Compensation Appeal Board (City of Philadelphia), 149 A.3d 406 (Pa. Cmwlth. 2016). See also Capaldi v. Workers' Compensation Appeal Board (City of Philadelphia), __ A.3d __, __ (Pa. Cmwlth., No. 787 C.D. 2016, filed Jan. 9, 2017), slip op. at 16-17 (applying Hutz and Demchenko).

To the extent Section 301(f) creates a filing deadline, as we have found, Claimant argues the limitation should be tolled by the discovery rule. Like Claimant's first argument, we have already rejected this argument as well. See Fargo, 148 A.3d at 521 (finding the 600-week limitations period in Section 301(f) acts as a statute of repose, which is not subject to the discovery rule). Because we are bound by our precedent, we will not disturb that decision.

Because Claimant filed his claim petition more than 300 weeks after he was last exposed to any Class 1 carcinogens at work, he was not entitled to a presumption that the exposure caused his cancer. Rather, Claimant had the burden to establish a causal connection. The WCJ, as factfinder, found the testimony of Employer's expert on causation more credible than the testimony of Claimant's expert and therefore found Claimant did not carry his burden.

For these reasons, we affirm the decision of the Board.

_____
**RENÉE COHN JUBELIER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stanley Szymanski,        :
        Petitioner   :
                     :
        v.         :    No. 494 C.D. 2016
                     :
Workers' Compensation Appeal  :
Board (City of Philadelphia),    :
        Respondent :

# O R D E R

NOW, February 14, 2017, the order of the Workers' Compensation Appeal Board in the above matter is **AFFIRMED.**


_____

**RENÉE COHN JUBELIER,** Judge

Stanley Szymanski,  :
            Petitioner  :
              :
      v.  :
              :
Workers' Compensation Appeal  :
Board (City of Philadelphia),  :  No. 494 C.D. 2016
            Respondent  :  Submitted: September 30, 2016

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE           FILED: February 14, 2017

Since I cannot agree with the Majority's opinion that the discovery rule does not apply in a case such as this, I must dissent. Claimant argues that, if indeed Section 301(f) creates a filing deadline, the discovery rule should apply to extend that deadline. The Majority rejects this position, holding that "[b]ecause we are bound by our precedent [announced in *Fargo v. Workers' Compensation Appeal Board (City of Philadelphia)*, 148 A.3d 514 (Pa. Cmwlth. 2016) which found the time limitations in Section 301(f) act as a statute of repose, which is not subject to the discovery rule], we will not disturb that decision."

I agree that we are bound by "our precedent," but we are not imprisoned by it.

Act 46 of 2011 [1] offered broad amendment to the Workers' Compensation Act (Act) to address "[c]ancer suffered by a firefighter…" Given the elusively evil nature of cancer and the need to protect first responders such as firefighters, these amendments must be read in a manner which gives full effect to the legislative intent. Nothing in that legislation suggests an intent to foreclose application of the discovery rule in a case such as that present, but instead aims toward a wide path for possible recovery. As such, application of the discovery rule in this case is not only allowable, it is necessary. Doing otherwise, we fill perceived legislative gaps with judicial caulk, something best left to the General Assembly and not judges.

The discovery rule is rooted in equitable principles, which address "the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action." *Pocono International Raceway, Inc. v. Pocono Products, Inc.,* 468 A.2d 468, 471 (Pa. 1983). Since neither the case *sub judice* nor *Fargo* have given due consideration to the equitable nature of these principles, the present decision is unnecessarily flawed. Before we venture further down this road in our interpretation of Act 46, it is important for this court to examine this question as a full body, not through the three-judge decisions in this case and

---

[1] Act 46 of 2011 amended Section 108 of the Workers' Compensation Act (Act) by further defining the term "occupational disease" to include cancer suffered by a firefighter caused by exposure to a known carcinogen recognized as a Group 1 carcinogen by the International Agency for Research on Cancer (IARC). Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(r).

*Fargo,* whether deemed precedential or not.  Until that happens, I will continue to question the soundness of an opinion which I believe runs counter to what the legislature intended.  I therefore dissent.

 

_____

JOSEPH M. COSGROVE, Judge