# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Fargo,                                    :
                                                 :
              Petitioner                         :
                                                 :
       v.                                        : No. 2239 C.D. 2015
                                                 : Submitted: May 6, 2016
Workers' Compensation Appeal                     :
Board (City of Philadelphia),                    :
                                                 :
              Respondent                         :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED:  October 11, 2016**


Albert Fargo (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision and order of a Workers' Compensation Judge (WCJ), denying a claim petition filed by Claimant seeking benefits under Section 108(r) of the Workers' Compensation Act (Act),[1] relating to the occupational disease of cancer suffered by a firefighter caused by exposure to a known carcinogen recognized as a Group 1 carcinogen by the International Agency for Research on Cancer (IARC).  The WCJ denied the claim petition on the basis that the claim was not brought within 600 weeks of Claimant's last exposure to workplace hazards while working as a firefighter for

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.1, 2501–2708.  Section 108(r), 77 P.S. § 27.1(r), and Section 301(f) of the Act, 77 P.S. § 414, discussed below, were added by the Act of July 7, 2011, P.L. 251.

the City of Philadelphia (Employer), as required by Section 301(f) of the Act. For the reasons that follow, we affirm the order of the Board.

In this appeal, we are called upon to interpret the provision in Section 301(f) that a claim under Section 108(r) "may be made within six hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease." 77 P.S. § 414. In all matters involving statutory interpretation, we apply the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501–1991, which provides that the "object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. § 1921(a); *see also Department of Transportation, Bureau of Driver Licensing v. Weaver*, 912 A.2d 259, 264 (Pa. 2006). In construing statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa. C.S. § 1903(a). The clearest indication of legislative intent is generally the plain language of the statute. *Chanceford Aviation Properties, L.L.P. v. Chanceford Township Board of Supervisors*, 923 A.2d 1099, 1104 (Pa. 2007). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921(b); *Weaver*, 912 A.2d at 264. It is only when the text of a statutory provision is ambiguous that we will consider the principles of statutory construction set forth in Section 1921(c) of the Statutory Construction Act, 1 Pa. C.S. § 1921(c), in order to determine legislative intent. *Chanceford Aviation*, 923 A.2d at 1104.

Sections 108(r) and 301(f) were both added to the Act by the General Assembly through Act 46 of 2011.[2] Section 108(r) recognizes the occupational

---

[2] Act of July 7, 2011, P.L. 251.

2

disease of "[c]ancer suffered by a firefighter which is caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen by the International Agency for Research on Cancer." 77 P.S. § 27.1(r). Section 301(f) sets forth three requirements that a firefighter-claimant must show to establish a claim under Section 108(r): (i) the claimant worked for four or more years in continuous firefighting duties, (ii) the claimant had direct exposure to a carcinogen classified as Group 1 by the IARC, and (iii) the claimant passed a physical examination prior to engaging in firefighting duties that did not reveal evidence of cancer. 77 P.S. § 414. In addition, as we explained in *City of Philadelphia Fire Department v. Workers' Compensation Appeal Board (Sladek)*, ___ A.3d ___, (Pa. Cmwlth., No. 579 C.D. 2015, filed Aug. 12, 2016) (*en banc*), the claimant must establish that the cancer contracted by the claimant is a type of cancer "caused by" exposure to the Group 1 carcinogen to which the claimant was exposed in the workplace. *Id*. at ___, slip op. at 18 (quoting 77 P.S. § 27.1(r)); *see also Hutz v. Workers' Compensation Appeal Board (City of Philadelphia)*, ___ A.3d ___, (Pa. Cmwlth., No. 2140 C.D. 2015, filed Sept. 7, 2016), slip op. at 27-28. Only once the claimant makes these showings, is he entitled to the rebuttable presumption of compensability set forth in Section 301(f) and Section 301(e) of the Act.[3] *Hutz*, ___ A.3d at ___, slip op. at 28; *Sladek*, ___ A.3d at ___, slip op. at 18.

In addition to the foregoing, Section 301(f) further provides that:

---

[3] Section 301(e) of the Act, added by Act of Oct. 17, 1972, P.L. 930, 77 P.S. § 413, which is applicable to occupational disease cases generally, provides: "If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive."

3

Notwithstanding the limitation under subsection (c)(2) with respect to disability or death resulting from an occupational disease having to occur within three hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease, claims filed pursuant to cancer suffered by the firefighter under section 108(r) may be made within six hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease. The presumption provided for under this subsection shall only apply to claims made within the first three hundred weeks.

77 P.S. § 414.

Section 301(c)(2) of the Act, 77 P.S. § 411(2), which is referenced in the above-quoted text of Section 301(f), defines the term "injury" as used in the Act to include the occupational diseases listed in Section 108. 77 P.S. § 411(2). Furthermore, and particularly relevant to this appeal, Section 301(c)(2) includes the proviso

[t]hat whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease...

*Id*. This provision requires that in occupational disease cases, a compensable disability must manifest within 300 weeks of the last date of the claimant's exposure to the hazard and that a disability that first manifests more than 300 weeks after the exposure is not compensable under the Act. *See City of McKeesport v. Workers' Compensation Appeal Board (Miletti)*, 746 A.2d 87, 89 (Pa. 2000); *Hutz*, ___ A.3d at ___, slip op. at 32; *see also Tooey v. AK Steel Corp.*, 81 A.3d 851, 863-65 (Pa. 2013) (holding that when an occupational disease manifests outside the 300-week period of Section 301(c)(2) such that the claimant

4

is barred from filing a claim, the exclusivity provision in the Act does not apply and the claimant may pursue a common-law claim); *Cable v. Workmen's Compensation Appeal Board (Gulf Oil/Chevron USA, Inc.)*, 664 A.2d 1349, 1351-52 (Pa. Cmwlth. 1995) (holding that the 300-week period of Section 301(c)(2) begins to run on the date of exposure rather than the date of the claimant's last employment). Section 301(c)(2) requires that the claimant's disability arise within 300 weeks of the last exposure, however, this provision does not mandate that the claimant actually file a claim within 300 weeks of the last exposure. *City of McKeesport*, 746 A.2d at 90-91.

The facts relevant to this appeal are undisputed. Claimant began working for Employer as a firefighter in 1972. (WCJ Decision, Finding of Fact (F.F.) ¶1.) In 1997, Claimant was diagnosed with squamous skin cell carcinoma after a biopsy of a growth on his leg. (*Id.* F.F. ¶3.) On July 31, 2001, Claimant injured his back in a motor vehicle accident, and he elected to take sick leave, remaining out of work until he retired on September 16, 2002. (*Id.* F.F. ¶2; Apr. 25, 2014 Hearing Transcript (H.T.) at 27-28, Reproduced Record (R.R.) at 28-29.) In 2005, Claimant was diagnosed with malignant melanoma after a biopsy of a growth on his back. (*Id.* F.F. ¶4.) Claimant was diagnosed with bladder cancer on July 6, 2012, and he filed a claim petition seeking medical benefits for the bladder cancer on March 14, 2014. (WCJ Decision, F.F. ¶¶5, 6.) At a hearing before the WCJ on April 25, 2014, Claimant amended the claim petition to include the squamous skin cell carcinoma diagnosis in 1997 and the malignant melanoma diagnosis in 2005. (*Id.* F.F. ¶7; H.T. at 6, R.R. at 7.) At that hearing, the WCJ also directed the parties to file briefs on the issue of whether the claim petition was

5

barred by the 600-week limitations provision of Section 301(f). (H.T. at 41-44, R.R. at 42-45.)

On July 15, 2014, the WCJ issued a decision and order dismissing the claim petition as untimely filed. The WCJ found that the claim petition of March 14, 2014 was filed more than 600 weeks[4] after July 31, 2001, the last day that Claimant appeared at work for Employer and therefore the last day that Claimant could have possibly been exposed to a carcinogen in the workplace. (WCJ Decision, F.F. ¶9.) The WCJ recognized that while Section 301(f) expanded the time period for filing occupational disease claims under Section 108(r) for cancer suffered by a firefighter to 600 weeks, there is nothing in the Act that would explicitly allow for any extension of time for filing a petition beyond 600 weeks and accordingly concluded that the claim petition was untimely. (WCJ Decision, Conclusion of Law ¶1, Discussion.)

Claimant appealed to the Board, and the Board affirmed the determination by the WCJ that the claim petition was untimely under Section 301(f). The Board rejected the argument by Claimant that the 600-week period referred to in Section 301(f) was merely an extension of the 300-week manifestation period of Section 301(c)(2) of the Act, 77 P.S. § 411(2), which only requires that the symptoms of the disease manifest within 300 weeks. The Board held that differences in the language of these two provisions showed that the General Assembly did not intend in Section 301(f) to simply enlarge the manifestation period to 600 weeks for Section 108(r) occupational disease cases but instead created an independent deadline for a claimant who seeks to file a Section 108(r) claim. Addressing Claimant's argument that if Section 301(f) does

---

[4] 600 weeks is approximately 11.5 years.

not extend the 300-week manifestation period of Section 301(c)(2) to 600 weeks it should be interpreted as a statute of limitations as to which the discovery rule applies, the Board determined that, because the 600-week period of Section 301(f) was triggered by a specific event independent of the accrual of a remedy – namely the last day of exposure to a workplace hazard – Section 301(f) acted as a statute of repose rather than a statute of limitations. Therefore, the Board rejected the application of a discovery rule to Section 301(f), holding that this provision by its plain language acts to permanently extinguish the Section 108(r) claim upon the running of 600 weeks.

On appeal to this Court,[5] Claimant first argues that the Board erred in analyzing Section 301(f) as imposing a different type of limitations period compared to Section 301(c)(2) by holding that Section 301(f) requires a claimant to file a Section 108(r) claim within 600 weeks of the last date of workplace exposure to a hazard. Claimant argues that the General Assembly intended in Section 301(f) to extend the 300-week manifestation period of Section 301(c)(2) for Section 108(r) cases to 600 weeks to account for the longer latency period in firefighter cancer cases, but only to allow the rebuttable presumption of compensability where the diagnosis occurs within 300 weeks of the last exposure. Claimant argues that he is entitled to pursue his claims under Section 301(f) for squamous cell cancer, malignant melanoma and bladder cancer, which were diagnosed in 1997, 2005 and 2012, respectively, because the diagnoses occurred within 600 weeks of his last workplace exposure to carcinogens in 2001, although

---

[5] This Court's review of an appeal from a determination by the Board is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence and whether Board procedures or constitutional rights were violated. 2 Pa. C.S. § 704; *Repash v. Workers' Compensation Appeal Board (City of Philadelphia)*, 961 A.2d 227, 231 n.5 (Pa. Cmwlth. 2008).

7

Claimant concedes that he is not entitled to a presumption of compensability related to bladder cancer because that diagnosis did not occur within 300 weeks of his last exposure.

Upon review, we agree with the Board that the General Assembly enacted a distinct limitations period in Section 301(f) compared to Section 301(c)(2) and by its plain language Section 301(f) mandates that an occupational disease claim pursuant to Section 108(r) be filed within 600 weeks of the last date of workplace exposure to a known carcinogen classified as Group 1 by the IARC. First, Section 301(f) sets itself apart from Section 301(c)(2) by providing that "*[n]otwithstanding* the limitation under [Section 301(c)(2)] that disability or death resulting from an occupational disease having to occur within" 300 weeks of the last date of workplace exposure. 77 P.S. § 414 (emphasis added). Section 301(f) next provides that "*claims* filed pursuant to...section 108(r) *may be made* within" 600 weeks of the last date of workplace exposure. *Id*. (emphasis added). The language is echoed in the last sentence of Section 301(f) that "[t]he presumption provided for under this subsection shall only apply to claims *made* within the first three hundred weeks." *Id*. (emphasis added). Section 301(c)(2), by contrast, provides that when occupational disease is the basis for compensation under the Act,[6] "shall apply only to disability or death resulting from such disease *and occurring* within" 300 weeks of the last date of workplace exposure. Thus, by their plain text, the limitation period of Section 301(f) requires that claims "be

---

[6] Section 301(c)(2) provides that "whenever occupational disease is the basis for compensation, for disability or death under this act, *it* shall apply only to disability or death resulting from such disease and occurring within" 300 weeks of the last date of workplace exposure. 77 P.S. § 411(2) (emphasis added). In *Tooey*, our Supreme Court weighed two competing interpretations of Section 301(c)(2) and determined that "it" in the above-quoted portion of the statute refers to the Act rather than compensation. 81 A.3d at 859-60.

made," or filed, within 600 weeks while Section 301(c)(2) requires that the disability or death that is the basis for the claim for compensation is "occurring," or manifesting, within 300 weeks.

Claimant's argument that Section 301(f) is simply an extension of the manifestation period of Section 301(c)(2) relies on the fact that both statutes employ nearly identical language that the limitations periods begin to run "after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease." 77 P.S. § 414; *compare* 77 P.S. § 411(2) ("...after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease..."). This indicates that, like Section 301(c)(2), the 600-week period of Section 301(f) begins to run on the date of the last exposure in the workplace rather than the last date of employment with the employer. *See Cable*, 664 A.2d at 1351-52. However, the key difference between these two provisions is not the date upon which the limitations periods start but rather what must take place before the periods end; in the case of Section 301(c)(2), disability or death resulting from the occupational disease must occur or manifest within 300 weeks, while in the case of Section 301(f), the claimant must file the claim within 600 weeks.

This holding that it is the date of filing that is determinative in Section 301(f) rather than the date that the disability manifests is consistent with our decision in *Hutz*, which addressed the operation of the last sentence of Section 301(f), providing that "[t]he presumption provided for under this subsection shall only apply to claims made within the first three hundred weeks." 77 P.S. § 414. The claimant in *Hutz* filed a claim pursuant to Section 108(r) in April 2012 based on his diagnosis of prostate cancer, more than 300 weeks after the March to June

9

2006 period for which he sought benefits and the March 2006 radical prostatectomy that was performed to treat his cancer. *Hutz*, ___ A.3d at ___, slip op. at 2-3, 5. The Board determined that because the claim was filed beyond the 300-week period set forth in Section 301(f), the statutory presumption of compensability did not apply and the claimant bore the burden of establishing all the elements necessary to support an award, which the Board found the claimant had not met. *Id.* at ___, slip op. at 24-25.

On appeal, the claimant argued that the Board erred by interpreting Section 301(f) as requiring that a firefighter asserting a claim under Section 108(r) file the claim within 300 weeks rather than requiring only that a compensable disability manifest within 300 weeks as courts have interpreted Section 301(c)(2). *Id.* at ___, slip op. at 32-33. This Court rejected this argument, holding that the date of filing of the claim was determinative under Section 301(f). *Id.* at ___, slip op. at 34-35. Observing that more than 300 weeks had passed from June 2006, the conclusion of the period at which the claimant alleged his disability ceased, to April 2012 when he filed the claim, and any workplace exposure after June 2006 could not be causally related to his earlier disability, we affirmed the determination by the Board that the Claimant was not entitled to the statutory presumption. *Id.*

Thus, Section 301(f) sets forth a two-tiered limitations period for Section 108(r) claims distinct from the time limit in Section 301(c)(2). First, a claimant must file the claim within 300 weeks of the last date of work with exposure to a known Group 1 carcinogen; if the claimant fails to do so, he is not foreclosed from bringing a claim by Section 301(f), but he loses the statutory presumption of Sections 301(e) and 301(f). However, if the claimant does not file

10

the claim until more than 600 weeks after the date of last workplace exposure, the claimant is foreclosed from bringing that claim in its entirety.

Claimant next argues that, if Section 301(f) requires a claim under Section 108(r) be filed within 600 weeks of the last date of workplace exposure, then that provision is subject to a discovery rule to extend the time for filing. Claimant cites *Price v. Workmen's Compensation Appeal Board (Metallurgical Resources)*, 626 A.2d 114 (Pa. 1993), in which our Supreme Court held that the three-year statute of limitations of Section 315 of the Act[7] for filing a claim for compensation does not begin to run in occupational disease cases until the claimant knows or should know that he is disabled as a result of an occupational disease, which is presumed to occur only when the claimant receives a competent medical diagnosis that his illness is work-related. *Id.* at 115. Claimant argues that a firefighter diagnosed with cancer must have the same extension of the period to file a claim for occupational disease benefits as a claimant who contracts any other occupational disease as to which the discovery rule of Section 315 applies.

We agree with the Board that the 600-week limitations period of Section 301(f) acts as a statute of repose and is not subject to a discovery rule under *Price*. Our Supreme Court has explained the difference between a statute of limitations and a statute of repose as follows:

---

[7] Section 315 provides, in relevant part, that:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof. ... The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.

77 P.S. § 602.

11

A statute of limitations is procedural and extinguishes the remedy rather than the cause of action. A statute of repose, however, is substantive and extinguishes both the remedy and the actual cause of action. Generally, the critical distinction in classifying a statute as one of repose or one of limitations is the event or occurrence designated as the "triggering" event. In a workers' compensation claim, the common triggering event for statute of limitations purposes is the disability of the employee, which defines the accrual of the action. That is the point at which all the elements of the action have coalesced, resulting in a legally cognizable claim.

A statute of repose, however, typically sets the triggering event as something other than the point at which the cause of action arises. Within the workers' compensation scheme, the common triggering event is the work-related incident/injury, regardless of whether disability results at that time. Thus, a statute of repose may also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute. At the end of the time period specified in the statute, the cause of action ceases to exist, unless the claimant can bring himself within any tolling provision enunciated in that statute.

*Westinghouse Electric Corp./CBS v. Workers' Compensation Appeal Board (Korach)*, 883 A.2d 579, 588 n.11 (Pa. 2005) (citations omitted). The "triggering event" for the purposes of Section 301(f) is not the date of injury or disability, as in Section 315, but rather the claimant's last day at work with exposure to a known Group 1 carcinogen. A firefighter who contracts cancer may file a claim under Section 108(r) within 300 weeks of the last workplace exposure and take advantage of the statutory presumption of compensability. In addition, the General Assembly provided a Section 108(r) claimant an additional 300 weeks to file a claim albeit without the benefit of the statutory presumption. However, once 600 weeks elapse from the date of the last workplace exposure, the cause of action under Section 108(r) ceases to exist.

12

Claimant's argument that the 600-week limitation period of Section 301(f) was intended by the General Assembly to supersede Section 315 and *Price* is unsupported by the text of the Act as neither Section 301(f) nor Section 108(r) state that Section 315 is inapplicable to Section 108(r) claims. Furthermore, the 600-week limitation of Section 301(f) does not conflict with the application of the discovery rule to Section 315 as the three-year limitations period of Section 315 may still be tolled in Section 108(r) cases where the claimant was not aware of the nature of his occupational disease, provided that the claim is filed before the expiration of the 600-week period. However, simply because a discovery rule is applicable to Section 315 does not provide a basis for application of a discovery rule to Section 301(f), particularly where diagnosis and knowledge that a condition is work-related are irrelevant to the triggering event of the Section 301(f) limitations period, which is the last date of workplace exposure.

Accordingly, because Claimant filed his claim petition in March 2014, more than 600 weeks after July 31, 2001 when Claimant could have last been exposed to carcinogens in the workplace, we conclude that the claim petition is untimely under Section 301(f). The order of the Board is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Fargo,                                    :
                                                 :
                    Petitioner                   :
                                                 :
             v.                                  : No. 2239 C.D. 2015
                                                 :
Workers' Compensation Appeal                     :
Board (City of Philadelphia),                    :
                                                 :
                    Respondent                   :

# **O R D E R**

AND NOW, this 11th day of October, 2016, the order of the Workers' Compensation Appeal Board in the above matter is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge