# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Lee, deceased, and his widow,   :
Emma Lee,   :
                     Petitioner   :
  :
             v.   :   No. 1562 C.D. 2016
  :   Submitted: February 10, 2017
Workers' Compensation Appeal   :
Board (City of Philadelphia),   :
              Respondent   :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: May 24, 2017**

Emma Lee (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision and order of a Workers' Compensation Judge (WCJ), denying a claim petition and fatal claim petition seeking benefits related to her late husband Joseph Lee's (Decedent) diagnosis and death from cancer under Section 108(r) of the Workers' Compensation Act (Act).[1]  The Board found Claimant was not entitled to the

---

[1] Act of June 2, 1915, P.L. 736, 77 P.S. § 27.1(r), added by Section 1 of the Act of October 17, 1972, P.L. 930, <u>as amended</u>.  Subsection (r) was added by Section 1 of the Act of July 7, 2011, P.L. 251.

statutory presumption found in Sections 301(e) and (f) of the Act[2] that Decedent's cancer was caused by exposure to a carcinogen recognized as a Group 1 carcinogen by the International Agency for Research on Cancer (IARC) because the claim petitions were filed more than 300 weeks after the date of Decedent's last exposure. On appeal, Claimant argues the Board wrongly interpreted Sections 301(c)(2)[3] and 301(f) of the Act, denying Claimant the benefit of the presumption. Claimant further argues the time limitations set forth in Sections 301(c)(2) and 301(f) are subject to the discovery rule. For the reasons set forth herein, we affirm.

Decedent joined the City of Philadelphia's (Employer) Fire Department in January 1968. (Board Op. at 3.) At that time, Decedent was not treating for any form of cancer. (Id.) Fellow firefighters testified they worked with Decedent on Engine 59 and Ladder 18, which had anywhere from 1,800 to 3,000 runs per year. (Id. at 3-4, 6.) Decedent retired in January 2004. (Id. at 3.) In 2005, Decedent was diagnosed with t-cell lymphoma, although he was being treated since 2002 for an unknown diagnosis. (Id.) Decedent died on July 6, 2010. (Id.) Claimant testified that no doctor ever told her Decedent's cancer was caused by his exposures as a firefighter; it was not until January 2013 when her attorney sent her a report from Dr. Barry Singer that she connected Decedent's cancer diagnosis to his prior work as a firefighter. (Id.) She filed a claim petition on January 30, 2013, and a fatal claim petition on February 4, 2013. (C.R. Item Nos. 1, 4.)

After a series of hearings, the WCJ issued a decision on October 28, 2015, denying the claim petitions. The WCJ credited Employer's experts' testimony

---

[2] 77 P.S. §§ 413, 414. Section 301(e) was added by Section 3 of the Act of October 17, 1972, P.L. 930. Section 301(f) of the Act was added by Section 2 of the Act of July 7, 2011, P.L. 251.

[3] 77 P.S. § 411(2).

2

over that of Claimant's expert as to causation. (WCJ Decision, Findings of Fact (FOF) ¶¶ 11-12.) Based upon these findings, the WCJ concluded that Claimant did not carry her burden of establishing Decedent's cancer was caused by exposure to Group 1 carcinogens. (WCJ Decision, Conclusions of Law (COL) ¶ 2.)

Claimant filed a timely appeal to the Board, which affirmed in an Opinion dated August 23, 2016. The Board noted that the WCJ made no specific findings that the Decedent had an occupational disease or that Decedent served four or more years in continuous firefighting duties, was exposed to Group 1 carcinogens, or that prior to becoming a firefighter, he passed a physical examination that revealed no evidence of cancer, all necessary elements of a Section 108(r) claim. (Board Op. at 18.) The Board further stated that even if those elements were satisfied, Claimant would not have been entitled to the causation presumption because the claim petitions were filed more than 472 weeks from Decedent's last date of employment with exposure, which was January 8, 2004. (Id. at 18-19.) Because the WCJ rejected Claimant's expert medical testimony on causation, which was within the WCJ's province as factfinder to do, the Board concluded Claimant did not satisfy her burden of establishing the elements of the claims. (Id. at 19-20.)

Claimant appealed and raises two issues: (1) whether the Board committed an error of law by misinterpreting Section 301(f) of the Act to require Claimant to file a claim petition within 300/600 weeks to claim benefits for cancer pursuant to Section 108(r); and (2) assuming Section 301(f) does create a filing deadline, whether the discovery rule applies to extend that time period. Both issues have been previously addressed by this Court, and consistent with that precedent, we find Section 301(f) does impose a time limit to file a claim petition and that the statute of repose is not subject to the discovery rule. As a result, Claimant was not

3

entitled to the causation presumption because the claim petitions were filed outside the 300-week period.

We begin with a brief review of the relevant statutory provisions. Act 46 of 2011[4] amended the Act to include Sections 108(r) and 301(f). Section 108(r) amended the definition of "occupational disease" to specifically include "[c]ancer suffered by a firefighter which is caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen by the International Agency for Research on Cancer." 77 P.S. § 27.1(r). Section 301(f) provides that a firefighter is entitled to benefits under Section 108(r) if the claimant can show: (1) employment for four or more years in continuous firefighting duties; (2) direct exposure to an IARC Group 1 carcinogen; and (3) that the claimant passed a physical examination prior to engaging in firefighting duties that did not reveal any evidence of cancer. 77 P.S. § 414. Section 301(f) further provides:

> Notwithstanding the limitation under subsection (c)(2) with respect to disability or death resulting from an occupational disease having to occur within three hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease, claims filed pursuant to cancer suffered by the firefighter under section 108(r) may be made within six hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease. The presumption provided for under this subsection shall only apply to claims made within the first three hundred weeks.

Id.

Section 301(c)(2), which is referenced in the above excerpt, provides, in pertinent part:

---

[4] Act of July 7, 2011, P.L. 251.

> That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease . . . .

77 P.S. § 411(2). In City of McKeesport v. Workers' Compensation Appeal Board (Miletti), the Pennsylvania Supreme Court found that Section 301(c)(2) merely requires the disability to "occur" or manifest within 300 weeks of last exposure. City of McKeesport, 746 A.2d 87, 89 (Pa. 2000). It does not require the claim petition to also be filed within 300 weeks. Id. at 90-91.

Claimant urges that Sections 301(c)(2) and 301(f) be read together, and when that is done, Section 301(f) merely expands the manifestation period found in Section 301(c)(2) from 300 weeks to 600 weeks for claims brought pursuant to Section 108(r) and does not require the claim petition to actually be filed within 300 weeks to be entitled to the causation presumption. Claimant argues she is entitled to the presumption because her husband's disease manifested within the 300 weeks common to all occupational diseases and the claim petition was filed within days of Claimant learning from her attorney that Decedent's disease was work-related. Failure to interpret the Act in a manner consistent with Claimant's perspective results in firefighters being treated differently than all other occupational disease claimants, which is an "absurd result," according to Claimant. (See Claimant's Br. at 21.)

However, we rejected a similar argument concerning the interpretation of the Act in Fargo v. Workers' Compensation Appeal Board (City of Philadelphia), 148 A.3d 514, 519-20 (Pa. Cmwlth. 2016), petition for allowance of appeal denied, __ A.3d __ (Pa., No. 486 EAL 2016, filed April 5, 2017), wherein we found Section 301(f) and Section 301(c)(2) contain two distinct limitation periods. Id. at 520. In

5

<u>Fargo</u>, we explained "the key difference between these two provisions is not the date upon which the limitations periods start but rather what must take place before the periods end." <u>Id.</u> In <u>Fargo</u>, we held, *inter alia*, that in addition to having to satisfy the 300-week manifestation period set forth in Section 301(c)(2), a claimant must also satisfy the distinct "two-tiered limitations period" found in Section 301(f). <u>Id.</u> Under Section 301(f), a claimant must file the claim within 300 weeks of last exposure to the Group 1 carcinogen. <u>Id.</u> We stated:

> if the claimant fails to do so, he is not foreclosed from bringing a claim by Section 301(f), but he loses the statutory presumption of Sections 301(e) and 301(f). However, if the claimant does not file the claim until more than 600 weeks after the date of last workplace exposure, the claimant is foreclosed from bringing that claim in its entirety.

<u>Id.</u> The decision in <u>Fargo</u> is consistent with our decisions in <u>Capaldi v. Workers' Compensation Appeal Board (City of Philadelphia)</u>, 152 A.3d 1107, 1115-16 (Pa. Cmwlth. 2017); <u>Demchenko v. Workers' Compensation Appeal Board (City of Philadelphia)</u>, 149 A.3d 406 (Pa. Cmwlth. 2016); and <u>Hutz v. Workers' Compensation Appeal Board (City of Philadelphia)</u>, 147 A.3d 35 (Pa. Cmwlth. 2016).

To the extent Section 301(f) creates a filing deadline, as we have found, Claimant argues the limitation should be tolled by the discovery rule. Our Court has already addressed and rejected this argument, as well. In <u>Fargo</u>, we found that the 600-week limitations period in Section 301(f) acts as a statute of repose and, therefore, is not subject to the discovery rule. <u>Fargo</u>, 148 A.3d at 521. Based upon this precedent, we are bound to conclude that the limitation period was not tolled on Claimant's petitions.

Because Claimant filed her petitions more than 300 weeks after Decedent was last exposed to any Class 1 carcinogens at work, she was not entitled to a presumption that the exposure caused Decedent's cancer. Without the benefit of the presumption, Claimant had the burden to establish a causal connection. Here, the WCJ, as factfinder, found the testimony of Employer's experts on causation more credible than the testimony of Claimant's expert. As a result, Claimant did not carry her burden.

For these reasons, we affirm the decision of the Board.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Lee, deceased, and his widow,   :
Emma Lee,   :
               Petitioner   :
  :
           v.   :   No. 1562 C.D. 2016
  :
Workers' Compensation Appeal   :
Board (City of Philadelphia),   :
           Respondent   :

# **O R D E R**

**NOW**, May 24, 2017, the order of the Workers' Compensation Appeal Board, in the above matter, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge