# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Caffey, : 
                Petitioner : 
         : 
       v. : No 1268 C.D. 2017
         : Submitted: February 2, 2018
Workers' Compensation Appeal : 
Board (City of Philadelphia), : 
                Respondent : 

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**              **FILED: April 12, 2018**

This is an appeal of a denial of a delayed firefighter cancer claim brought under Section 108(r) of the Workers' Compensation Act (Act),[1] one of the provisions of the 2011 amendments to the Act known as Act 46,[2] which, among other

---

[1] Act of June 2, 1915, P.L. 736, as amended, added by the Act of July 7, 2011, P.L. 251, 77 P.S. §27.1(r). Specifically, Section 108(r) recognizes "[c]ancer suffered by a firefighter which is caused by exposure to a known carcinogen which is recognized as a Group 1 carcinogen by the International Agency for Research on Cancer," as a compensable occupational disease under the Act. Id.

[2] In addition to adding Section 108(r), the Act of July 7, 2011, P.L. 251 (Act 46), added Section 301(f) of the Act, 77 P.S. §414, which established standards for cancer claims under Section 108(r). Section 301(f) limits cancer claims to firefighters who can show four or more years of continuous firefighting service and the absence of cancer prior to that service. Further, Section 301(f), in conjunction with Section 108(r), requires that a firefighter be diagnosed with a type of cancer caused by exposure to a known Group 1 carcinogen. See City of Phila. Fire Dep't v. Workers' Comp. Appeal Bd. (Sladek), 144 A.3d 1101 (Pa. Cmwlth. 2016), appeal granted, 167 A.3d 307 (Pa. 2017). Section 301(f) also requires that a claim under Section 108(r) be filed within 600 weeks of a firefighter's last date of exposure to a Group 1 carcinogen. However, if a firefighter files his claim within 300 weeks of his last date of workplace exposure and establishes that his type of cancer is an occupational disease, Section 301(f) provides a presumption that his workplace exposure caused his cancer. Sladek.

things, added cancer to the list of occupational diseases for individuals employed as firefighters. The main question is whether the claimant's right to pursue a medical-only claim was extinguished prior to the 2011 effective date of Act 46, which generally broadened compensability for cancer caused to firefighters. For the reasons that follow, we vacate and remand for further proceedings.

In particular, Joseph Caffey (Claimant), petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming an order denying his claim for medical benefits for bladder cancer caused by occupational exposure to known carcinogens during his employment as a firefighter for the City of Philadelphia (Employer). Claimant contends the Board erred in determining that newly-added Section 108(r) does not apply to Claimant's bladder cancer, which his doctors diagnosed and removed in 2009. In particular, Claimant asserts the Board erred in relying on our recent decision in City of Warren v. Workers' Compensation Appeal Board (Haines), 156 A.3d 371 (Pa. Cmwlth.), appeal denied, 170 A.3d 1039 (Pa. 2017).

## I. Background
## A. Medical-Only Claim Petition

In March 2013, Claimant filed a claim petition alleging that he sustained an occupational disease in the nature of bladder cancer as a result of exposures to IARC (International Agency for Research on Cancer) Group 1 carcinogens while working as a firefighter for Employer. Claimant alleged a date of

2

"injury" of December 12, 2003, his last day of work as a firefighter.[3]  Claimant sought only medical benefits.  Employer filed a timely answer denying Claimant's material allegations.

### B. Evidence

Before the Workers' Compensation Judge (WCJ), Claimant testified on his own behalf.  The WCJ accepted Claimant's testimony as credible in its entirety.  WCJ's Op., 1/26/16, Finding of Fact (F.F.) No. 8.  Claimant joined Employer's Fire Department in June 1972.  F.F. No. 1a.  When hired, Claimant underwent and passed a physical examination.  Id.  Claimant was not treating for any type of cancer.  Id.  In March 1998, Employer promoted Claimant to Lieutenant.  At that time, he passed another physical examination.  Id.

During his 31-year career, Claimant fought all different types of fires, from grass fires to multi-alarm fires.  F.F. No. 1d.  Firefighting involves different phases, including forcible entry, search and rescue, ventilation, fire suppression and overhaul.  F.F. No. 1e.  Firefighters are exposed to smoke during all phases.  Id.  After fighting a fire, Claimant would be covered in black soot with "black snot coming out of his nose."  F.F. No. 1g.

Also, Claimant suffered daily exposure to diesel fuel emissions at the fire stations.  F.F. No. 1b.  The diesel fumes from the trucks on the first floor would

---

[3] The claim petition was filed less than 600 weeks after Claimant's last day of work.  As discussed in more detail below, if Claimant's medical-only claim was still viable, this filing would not run afoul of Act 46's new 600-week statute of repose for firefighter cancer claims set forth in Section 301(f) of the Act, 77 P.S. §414.  See City of Warren v. Workers' Comp. Appeal Bd. (Haines), 156 A.3d 371 (Pa. Cmwlth.), appeal denied, 170 A.3d 1039 (Pa. 2017).

3

penetrate the second floor of the station, including the kitchen area.  Id.  As a result, the walls and the ceilings needed weekly cleaning.  Id.

Claimant spent his last day in a firehouse on December 12, 2003.  F.F. No. 1h.  He fought his last fire around Thanksgiving in November 2003.  Id.  He retired after his last day of work, and he made no claims for disability thereafter.

In March 2009, a doctor diagnosed Claimant with bladder cancer.  F.F. No. 1i.  Claimant's doctors promptly removed the cancer from his bladder, and Claimant underwent a bladder rinse for six weeks.  Id.  As discussed below, the diagnosis and surgery occurred less than 300 weeks after Claimant's last exposure at work in December 2003.  After his surgery, Claimant continued to see Dr. Meir Daller, his urologist in Florida, every six months.  Id.  A primary question is whether these events beginning in March 2009 satisfy the 300-week occupational disease statute of repose that pre-existed the enactment of Act 46 and was found at Section 301(c)(2) of the Act, 77 P.S. §411(2).  If so, Claimant's claim for medical benefits may not have expired prior to the passage of Act 46 in July 2011.

After the General Assembly passed Act 46 in July 2011, which recognized cancer as an occupational disease for firefighters who suffered exposure to IARC Group 1 carcinogens, Claimant contacted his union to have his case investigated.  F.F. No. 1k.  Thereafter, in 2013, Claimant received a letter from counsel and a medical report from Dr. Barry L. Singer (Claimant's Expert), a physician board certified in internal medicine, hematology and medical oncology.

This is the first time a doctor told Claimant that his cancer was related to his fire service exposures. Id.

In support of his claim petition, Claimant submitted, in addition to other medical evidence, two global depositions and two reports from his Expert. F.F. Nos. 4, 5. In sum, Claimant's Expert offered testimony which, if accepted, could support an award of medical benefits.

In opposition to the claim petition, Employer submitted the deposition testimony of Dr. Tee L. Guidotti (Employer's Expert), a physician board certified in internal medicine, pulmonary medicine and occupational medicine. Briefly, Employer's Expert opined there is insufficient evidence to support a conclusion that, as a matter of general causation, firefighting causes cancer. F.F. No. 7i. Therefore, Employer's Expert did not offer an opinion as to the specific causation of any firefighter's cancer. Id. Nonetheless, Employer's Expert opined that bladder, kidney and testes cancer, non-Hodgkins lymphoma, eustemia, and brain and lung cancer in nonsmokers should be presumed work-related for firefighters. Id.

Employer also submitted a medical report from Dr. Howard M. Sandler (Dr. Sandler), a physician specializing in occupational and environmental medicine. F.F. No. 7a. Ultimately, Dr. Sandler opined that Claimant's bladder cancer was not causally related to any possible exposures that occurred during his firefighting career. F.F. No. 7h.

Notably, the WCJ made no credibility determinations regarding the parties' medical evidence. Rather, the WCJ found that Claimant's last day of exposure occurred in November 2003, and he last worked as a firefighter on December 12, 2003. F.F. No. 9. The WCJ then noted the pre-Act 46 version of Section 301(c)(2) of the Act, 77 P.S. §411(2), remained in effect until Act 46's effective date in July 2011. F.F. No. 10. Under the prior, controlling version of Section 301(c)(2), Claimant's claim for benefits must have manifested within 300 weeks of his last date of employment. Id. Because Claimant's claim did not manifest within that period, the WCJ determined that it was barred. Id. To that end, the WCJ observed, "there is no retroactivity clause or other clause in Act 46 to resurrect Claimant's claim …." Id. Consequently, in Conclusion of Law No. 2, the WCJ determined:

> [Claimant] has not met his burden of proof on the pending Claim Petition. Act 46 of 2011 amending Section 108(r) of the Act requires that the cancer be caused by the exposure to a known carcinogen. However, pursuant to the version of Section 301(c)(2) in effect at the time of Claimant's retirement and until July 7, 2011, the date Act 46 amending such section became enacted, Claimant's claim for benefits must have manifested within 300 weeks of his last date of employment. As such, under the then-controlling Section 301(c)(2), Claimant's claim was barred. As there is no retroactivity clause or other clause in Act 46 to resurrect Claimant's claim, same is barred.

WCJ's Op., Conclusion of Law No. 2 (emphasis in original).

Claimant appealed to the Board. Citing our decision in Haines as controlling, the Board reasoned (with emphasis added):

Because Act 46 could not be applied retroactively, the Haines Court held that Section 301(c)(2) governed the limitation of the decedent's occupational disease claim. To satisfy the limitation in Section 301[(c)(2)] a claimant's disability or death must occur within 300 weeks of last exposure to a hazard. Haines. There, the claimant filed a fatal claim petition on January 17, 2012. The decedent last fought a fire on December 25, 2002, retired on February 2, 2003 and died on August 18, 2009. Assuming that December 25, 2002 was the date of the decedent's last exposure to a hazard, he died approximately 347 weeks after his last date of exposure. The court stated that his death did not occur within 300 weeks after his last date of exposure to a hazard, nor did he establish that he suffered a disability within that time period. It held that under Section 301(c)(2), his right to seek compensation for his cancer had extinguished before Act 46 was enacted. Thus, his claim was barred.

Claimant alleges a date of injury of December 12, 2003 and credibly testified that his last day at the firehouse was December 12, 2003 and he was exposed to diesel fuel emissions up until that time. However, this matter does not involve a death claim. Also, this matter does not involve disability. Claimant presented no evidence of disability, he did not allege disability or identify a date of any alleged disability, and the WCJ did not find the occurrence of work-related disability. Again, to satisfy the limitation in Section 301(c)(2), a claimant[']s disability or death must occur within 300 weeks of last exposure to a hazard. Haines.

That did not happen here.

Claimant nevertheless argues that the Act 46 amendments apply to his claim because he filed his Claim Petition after the effective date of the amendments. However, the claimant in Haines filed the fatal claim petition after the passage of Act 46 and that was not dispositive. The Haines Court specifically determined that Act 46's provisions could not be applied retroactively and established a new statute of repose for occupational disease claims brought under Section 108(r) only where

> the right to bring the claim had not previously expired under Section 301[(c)(2).] This is binding precedent. Given the aforementioned, we reject Claimant's assertion of error. In light of our disposition, we need not address any arguments concerning the sufficiency of the medical evidence.

Bd. Op., 8/30/17, at 5-8. In accord with <u>Haines</u>, the Board affirmed the WCJ's determination denying Claimant's claim petition. Claimant petitions for review.[4]

## II. Discussion

### A. Applicability of <u>Haines</u>

### 1. Argument

Claimant contends the Board erred in determining that <u>Haines</u> is controlling given the circumstances in the present case. More specifically, Claimant asserts he did not know that he had the ability to bring an occupational disease claim for his bladder cancer until he received his Expert's February 2013 report. Relying on the discovery rule, Claimant maintains the three-year statute of limitations in Section 315 of the Act, 77 P.S. §602, began to run at the time he learned, through a medical diagnosis, that he suffered from an occupational disease. <u>Price v. Workmen's Comp. Appeal Bd. (Metallurgical Res.)</u>, 626 A.2d 114 (Pa. 1993); <u>City of Phila. v. Workers' Comp. Appeal Bd. (Sites)</u>, 889 A.2d 129 (Pa. Cmwlth. 2005). Therefore, Claimant argues the record supports his entitlement to benefits for an occupational disease under either the catchall provision in Section 108(n), 77 P.S.

---

[4] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. <u>Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)</u>, 81 A.3d 830 (Pa. 2013).

8

§27.1(n), or the firefighter's cancer provision in Section 108(r) of the Act, 77 P.S. §27.1(r).

Relying on <u>Sites</u>, Claimant further contends he is entitled to the newly added presumption of compensability in Section 301(f) of the Act, which provides (with emphasis added):

> Compensation pursuant to cancer suffered by a firefighter shall only be to those firefighters who have served four or more years in continuous firefighting duties, who can establish direct exposure to a carcinogen referred to in section 108(r) relating to cancer by a firefighter and have successfully passed a physical examination prior to asserting a claim under this subsection or prior to engaging in firefighting duties and the examination failed to reveal any evidence of the condition of cancer. The presumption of this subsection may be rebutted by substantial competent evidence that shows that the firefighter's cancer was not caused by the occupation of firefighting. … <u>Notwithstanding the limitation under subsection (c)(2) with respect to disability or death resulting from an occupational disease having to occur within three hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of disease, claims filed pursuant to cancer suffered by the firefighter under section 108(r) may be made within six hundred weeks after the last date of employment in an occupation or industry to which a claimant was exposed to the hazards of the disease. The presumption provided for under this subsection shall only apply to claims made within the first three hundred weeks</u>.

77 P.S. §414.

Our decision in Sites dealt with a 2001 amendment to Section 108 of the Act, which added Subsection (m.1), 77 P.S. §27.1(m.1)[5] identifying as an occupational disease Hepatitis C occurring in firefighters and other rescue personnel. Subsection (m.1) established a rebuttable presumption recognizing a diagnosis of Hepatitis C as an occupational disease for these personnel.

The City of Philadelphia, as the employer in Sites, argued that the 2001 amendment did not apply to a claim made after the passage of the amendment based on exposures that occurred prior to the change in the law. This Court rejected that argument, noting Section 108(m.1) was the law at the time the claimant filed his claim petition and that the statute of limitations had not yet expired. As such, we determined the Board properly applied both Section 108(m), which predated the 2001 amendment, and the newly added Section 108(m.1), which included a presumption of compensability, to the claim petition. See Sites, 889 A.2d at 140.

As further support, Claimant cites City of Philadelphia v. Workers' Compensation Appeal Board (Cospelich), 893 A.2d 171 (Pa. Cmwlth. 2006), wherein this Court, applying Sites, held that a firefighter (who contracted Hepatitis C before the 2001 amendment but filed his claim after the amendment) stated a valid claim for an occupational disease under both Sections 108(m) and 108(m.1) of the Act. In addition, we rejected the employer's argument that the WCJ erred in awarding the claimant reimbursement of medical expenses because he did not prove a disability. In so doing, we recognized that a claimant suffering an occupational

---

[5] Added by the Act of December 20, 2001, P.L. 967.

10

disease was entitled to medical benefits relating to his disease despite not having incurred a loss of earnings. See Cospelich, 893 A.2d at 177-79.

Citing Cospelich and Sites, Claimant asserts he has a right to pursue his claim petition for medical benefits not only under Sections 108(n) and 301(c)(2) of the Act, but also under the newly added provisions in Sections 108(r) and 301(f) of the Act. Therefore, Claimant maintains the Board erred in affirming the denial of his claim.

## 2. Analysis
### a. 300-Week Statute of Repose

Section 301(c) of the Act imposes a time limit upon a claimant's ability to present an occupational disease claim. The operative time-limit language of 300 weeks in Section 301(c)(2) pre-existed and was essentially unchanged by the passage of Act 46. That language provides (with emphasis added):

> (2) The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease. And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable.

77 P.S. §411(2).[6]

We read this language as requiring some significant, objective manifestation of the occupational disease within 300 weeks of the last date of exposure at work. If there is a claim for disability or death, which is not the case here, disability or death must occur within the 300-week period. The statutory language does not explicitly address medical benefits, but in context there is no reason to believe the General Assembly intended to withhold medical benefits, where some significant, objective manifestation of the occupational disease occurred within the 300-week period. This conclusion is supported by the statutory language declaring compensability for a subsequent death where only disability occurred within the 300-week period. We respectfully disagree with the WCJ and the Board to the extent they reached a different legal conclusion.

Here, Claimant's cancer was diagnosed, and he underwent significant surgery and follow-up treatment within the 300-week period. Also, he incurred some medical bills within the 300-week period. Because he was retired, he could not make a disability claim. Thankfully, he did not die. But there is no reason to believe that the General Assembly intended that occupational disease-related medical benefits should be denied under these circumstances. We therefore

---

[6] Nevertheless, as noted above, Act 46 created a new time limitation which applies only to firefighter cancer claims. Haines. Instead of the 300 weeks that applies to all other occupational diseases, a claim filed under new Section 108(r), 77 P.S. §27.1(r) (defining cancer suffered by a firefighter), may be made within 600 weeks after the last date of exposure to the hazards of the disease. Id. Both the prior 300-week time limitation for occupational disease claims and the new 600-week time limitation for firefighter cancer claims are statutes of repose. Id.

12

conclude that Claimant's rights were not extinguished by the operation of the pre-Act 46 300-week statute of repose in Section 301(c)(2).

### b. **Haines**

In Haines, a recent en banc decision, we addressed the issue of whether the Act 46 amendments were intended to apply prospectively or retroactively. Ultimately, we held that Section 301(f) of the Act, 77 P.S. §414, which established a new 600-week statute of repose for firefighter cancer claims, did not have a retroactive effect. Thus, for occupational diseases occurring before the effective date of Act 46 in July 2011, a claimant must satisfy the 300-week limitation period of pre-existing Section 301(c)(2). Because the claimant in Haines raised a death claim, and neither death nor disability occurred within 300 weeks of the decedent's last date of employment, the claim could not satisfy the limitation language in Section 301(c)(2). Accordingly, the occupational disease claim was extinguished before the passage of the new 600-week period of repose under Act 46, and it could not be revived by that legislation.

Relying on Haines, Employer contends Claimant failed to establish either disability or death within the 300-week period in Section 301(c)(2). Employer therefore argues the WCJ properly denied Claimant's claim petition.

We disagree. Because in this case there was a cancer diagnosis and a significant, objective manifestation of the occurrence of Claimant's cancer (surgery) within the statutory period, and because some medical bills were actually incurred

13

within the statutory period, we conclude that the decision in <u>Haines</u> does not control this case.

Further, because Claimant's bladder cancer occurred within 300 weeks of his last exposure to a work hazard in December 2003, he is entitled to medical benefits, regardless of any disability, if he can prove he sustained an occupational disease under the catchall provision in Section 108(n) of the Act. <u>Cospelich</u>. In other words, on this issue <u>Haines</u> is distinguishable on the basis that Claimant is not seeking death or disability benefits for a loss of earnings.

### c. Other Issues

Moreover, because Claimant alleges he sustained an occupational disease under Section 108(n) within 300 weeks of his last exposure to the hazards of the disease, and where he filed his claim petition within 600 weeks (11.5 years) of his alleged last direct exposure to carcinogens in December 2003, Claimant may also assert a firefighter's cancer claim for medical benefits under Sections 108(r) and 301(f) of the Act. <u>Cospelich</u>; <u>Sites</u>. In other words, we conclude that Claimant satisfied both the pre-Act 46 occupational disease statute of repose of 300 weeks and the post-Act 46 statute of repose of 600 weeks. Because Claimant's cancer constituted an occupational disease prior to the Act 46 amendments, Section 301(f) is not being applied retroactively. <u>Cospelich</u>; <u>Sites</u>.

However, because Claimant failed to <u>file</u> a claim petition within the first 300 weeks after his last date of exposure to the hazards of the disease, he is not entitled to the presumption of compensability in Section 301(f) of the Act. As we

14

explained in <u>Fargo v. Workers' Compensation Appeal Board (City of Philadelphia)</u>, 148 A.3d 514, 520 (Pa. Cmwlth.), <u>appeal</u> <u>denied</u>, 168 A.3d 514 (Pa. 2016) (with emphasis added):

> Section 301(f) sets forth a two-tiered limitations period for Section 108(r) claims distinct from the time limit in Section 301(c)(2). First, <u>a claimant must file the claim within 300 weeks of the last date of work with exposure to a known Group 1 carcinogen; if the claimant fails to do so, he is not foreclosed from bringing a claim by Section 301(f), but he loses the presumptions of Section 301(e)[7] and 301(f)</u>. However, if the claimant does not file the claim until more than 600 weeks of last exposure, the claimant is foreclosed from bringing that claim in its entirety.

We also reject Employer's contention that Claimant's claim petition must be considered as filed exclusively under Act 46. If a claimant is entitled to relief under any section of the Act, his petition will be considered as filed under that section. <u>Cospelich</u>; <u>Paxos v. Workmen's Comp. Appeal Bd. (Frankford-Quaker Grocery)</u>, 631 A.2d 826 (Pa. Cmwlth. 1993).

### B. Three-Year Statute of Limitations

However, at this point we cannot hold that Claimant's claim is viable. That is because of the passage of time between his 2003 "injury," defined as the last

---

[7] Section 301(e) of the Act, 77 P.S. §413, which applies to occupational diseases generally, provides (with emphasis added):

> <u>If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment,</u> but this presumption shall not be conclusive.

date of his exposure, Section 301(c)(2) of the Act, 77 P.S. §411(2), and his 2013 claim petition filing. In particular, Claimant must also satisfy the three-year statute of limitations in Section 315 of the Act, 77 P.S. §602 (requiring petitions to be filed within three years of "injury" or be barred).

Although Claimant filed his medical-only claim petition in March 2013, he stated it was not until March 2013 that he first learned from a doctor that his bladder cancer was causally related to his fire service exposures. F.F. No. 1k. The WCJ accepted Claimant's testimony as credible. F.F. No. 8. As such, Claimant may be entitled to a determination that he timely filed his claim petition under the discovery rule in Price. The discovery rule may apply to a statute of limitations, like Section 315 of the Act, but it does not apply to a statute of repose. See Fargo.

### III. Conclusion

Having concluded Claimant may be entitled to a determination that he filed a timely claim petition for medical benefits under the discovery rule for an occupational disease allegedly occurring within 300 weeks of his last exposure to the hazards of the disease, we vacate the order of the Board and remand with the direction that the case be further remanded to the WCJ with the following instructions. In accord with this opinion, the WCJ shall determine, based upon the existing record: (1) whether Claimant filed a timely claim petition for medical benefits for an occupational disease under Price and Cospelich; and, if so: (2) whether Claimant met his burden of proving that he sustained an occupational disease, in the nature of bladder cancer, under either Sections 108(n) and 301(c)(2) of the Act, or Sections 108(r) and 301(f) of the Act. If Claimant can establish that

16

he sustained an occupational disease under any applicable provisions of the Act, he is entitled to payment of his medical bills related to his occupational disease even though he did not suffer a loss in earnings.  Cospelich.

_____

ROBERT SIMPSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Joseph Caffey,                :
            Petitioner     :
                          :

        v.               :     No 1268 C.D. 2017
                          :

Workers' Compensation Appeal  :
Board (City of Philadelphia),    :
            Respondent    :

# **O R D E R**

**AND NOW**, this 12th, day of April, 2018, the order of the Workers' Compensation Appeal Board is **VACATED** and this case is **REMANDED** with the direction that it be further remanded to the Workers' Compensation Judge for further proceedings consistent with the foregoing opinion.

      Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge